**GREAT AMERICAN INDEMNITY COMPANY, Appellant,**

v.

**Wallace INKENBRANDT, Appellee.**

**No. 19098.**

United States Court of Appeals Fifth Circuit.

July 24, 1962.

A. R. Christovich, Jr., New Orleans, La., Christovich & Kearney, New Orleans, La., of counsel, for appellant.

L. B. Ponder, Jr., Amite, La., Ponder & Ponder, Amite, La., for appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

Appellee, Wallace Inkenbrandt, brought this action against appellant, Great American Indemnity Company, public liability insurer of Harold Perriloux.[1] He claimed damages for personal injuries and injury to his automobile resulting from a collision between his automobile and that driven by Perriloux. The court below submitted the case to the jury, which returned a verdict for the appellee in the amount of $16,420.00. The court reduced the amount of the

judgment to the policy limit of $5,000.00, plus $420 property damages.

Appellant's nine specifications of error are based upon its contentions that the evidence was insufficient to support the jury's verdict finding appellant's insured negligent,[2] or its finding that the appellee was not contributorily negligent.[3] Appellant claims, too, that appellee's witnesses were not worthy of belief. All of the points relied upon by the appellant were properly preserved upon the trial. No exceptions were taken to the court's charge except in its refusal to grant appellant a directed verdict. Our examination of the record convinces us that the appellant's position is unsound and that the case presented to the court below was typically one of fact as respects both the charged negligence of appellant's assured and the alleged contributory negligence of the appellee.

The collision took place in Hammond, Louisiana, February 10, 1958 about 7:30 A.M. It was raining and the streets were wet. Perriloux, the assured, was traveling north on U.S. Highway 51, and appellee was approaching the highway traveling east on Second Avenue. The jury was justified in finding that appellee brought his automobile to a stop as he approached the highway, and that he proceeded cautiously to make a right turn into Highway 51 after having looked in both directions and seen no one approaching on his side of the road. Appellant quotes in its brief appellee's statement that he first saw Perriloux as he was turning into the highway just after Perriloux crossed the railroad tracks. He was at that time attempting to pass another automobile moving in the same direction, having crossed over into appellee's lane for the purpose.

1. Under the Louisiana Direct Action Statute, LSA–R.S. 22:655.

2. In passing a vehicle at a railroad crossing just prior to the accident, in passing at an intersection another vehicle moving in the same direction, or in driving at an excessive rate of speed.

3. In failing to observe the "Stop" sign, to accord the right of way to a vehicle proceeding on a U. S. Highway, to accord the right of way to a vehicle approaching from the right, or creating an emergency by, leaving a place of safety and placing both drivers in a position of danger from which appellant's assured could not extricate himself.

After moving something like three feet into the highway, Inkenbrandt stopped his automobile, being apprehensive that Perriloux would not be able to pass the car preceding him and get back into the northbound lane of the highway before reaching the intersection which appellee was entering.

Perriloux testified that he was driving about twenty miles an hour, but there was other credible testimony that he was driving three times that fast. Perriloux admitted that he skidded fifty to sixty feet in appellee's lane of the highway before striking appellee's car, but there was other credible testimony that the skidmarks extended five times that far. The car which was in the northbound lane ahead of Perriloux was driven entirely off of the highway by its driver in order that Perriloux might accomplish the passing movement while remaining in the northbound lane. The jury was justified in finding that Perriloux was guilty of all of the charges of negligence made against him, and that appellee operated his car with reasonable care with respect to each contrary allegation against him.

Appellant's brief adopts the expedient of fitting the testimony most favorable to the insured here into the Louisiana cases which have held that, under similar circumstances, a Louisiana trial court, as the finder of the facts, was justified in freeing the defendants in those cases of the charges of negligence. We have taken occasion more than once, e. g., Wright v. Paramount-Richards Theatres, 5 Cir., 1952, 198 F.2d 303, 306, to comment on the difficult task which frequently faces us when we attempt to separate decisions of Louisiana courts on the law from their review of the facts.

Recognizing that we do have to read Louisiana decisions with care to make this distinction, we do not find that the cases relied upon by the appellant, when applied to the facts the jury manifestly accepted in this case, tend to support the contention that the facts were not of such character as to warrant their acceptance by the jury. We must keep in view also that the statute of Louisiana,[4] which prohibits the operator of a motor vehicle from driving on the left side of the center line of the highway in overtaking and passing another vehicle traveling in the same direction, unless the left side is clearly visible and free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety, places responsibility for an accident occurring under such circumstances prima facie upon the overtaking driver. And cf. Marcantel v. Southern Farm Bureau Casualty Insurance Co., C.A.La. 1 Cir., 1958, 102 So.2d 879.

Being of the opinion that the verdict of the jury is supported by credible evidence and no error being assigned with respect to any other phase of the trial, the judgment appealed from is

Affirmed.